UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>)<br>v.                                                    )<br>)<br>ANTONIO PEREZ                          )<br>                                                    ) | NO. 1:05CR10072-GAO-1 |

SENTENCING MEMORANDUM OF DEFENDANT ANTONIO PEREZ

The Defendant Antonio Perez ("Perez") submits this memorandum in support of his recommendation to the Court that he be sentenced to a term of "time served" with supervised release, which is "sufficient, but not greater than necessary, to comply with the purposes of sentencing...." 18 U.S.C. §3553.

Prior Proceedings

On or about March 23, 2005, Defendant Perez was indicted by a Federal Grand Jury for illegal reentry pursuant to 8 U.S.C. §1326. Perez was brought before the court on March 25, 2005, was arraigned, pled not guilty, and ordered held. On November 10, 2005, Perez appeared before the Court and changed his plea to guilty. Sentencing was scheduled for February 14, 2006, at 2:00 P.M.

Argument

In this case, an appropriate disposition for Defendant Perez, in light of the purposes of sentencing outlined in 18 U.S.C. §3553, would be a sentence of "time served".

A sentencing court is directed to impose a sentence which is "sufficient, but not greater than necessary, to comply with the purposes [of sentencing]", as outlined in 18

U.S.C. §3553.  The statute provides as follows: "[I]n determining the particular sentence to be imposed, [the court] shall consider:

1. the nature and circumstances of the offense and the history and characteristics of the defendant;

2. the need for the sentence imposed (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (B) to afford adequate deterrence to criminal conduct; (C) to protect the public from further crimes of the Defendant; and (D) to provide the Defendant with needed educational and vocational training, medical care, or other correctional treatment in the most effective manner;

3. the kinds of sentences available;

4. the kinds of sentences and the sentencing range established for (A) the applicable category of offense committed by the applicable category of defendant as set forth in [the Sentencing Guidelines]...."

5. any pertinent policy statement issued by the Sentencing Commission...;

6. the need to avoid unwarranted sentencing disparities among defendants with similar records, who have been found guilty of similar conduct; and

7. the need to provide restitution to any victims of the offense". Id.

Following the Supreme Court's decision in United States v. Booker, 125 S.Ct. 738 (2005), the Sentencing Guidelines are merely advisory, and may be considered, along with other sentencing factors enumerated in 18 U.S.C. §3553, in the context of the overriding principle that a sentence should be "sufficient, but not greater than necessary" to fulfill the "need for the sentence imposed".

*Nature And Circumstances Of Offense*

Perez has been charged and pleaded guilty to illegal reentry of a deported alien. 8 U.S.C. §1326(a).  Because he was deported "subsequent to a conviction for commission of an aggravated felony", Perez is subject to the enhanced maximum penalty of twenty years under 8 U.S.C. §1326(b)(2).  The offense which serves as a predicate for

enhancement under 8 U.S.C. §1326(b)(2), and which adds 16 levels to his Offense Level pursuant to U.S.S.G. §2L1.2(b)(1)(A), is drug trafficking, committed over ten years ago. Perez was deported in 1999 after serving a state prison term. He returned in 2004 in search of his 10 year old son Miguel, whose mother had died in 2000.

### *History and Characteristics of Defendant*

The history and characteristics of Perez are set forth in the Presentence Report (PSR) at paragraph (39) through (60).

### *Need For Sentence Imposed*

The Defendant has already been in custody for since March 8, 2005, awaiting disposition of his case, and in ICE custody. An ICE detainer is lodged against him and he will be deported upon release from Federal custody. Given these circumstances and the nature of the offense, a sentence of "time served" would ensure respect for the law, provide just punishment, and reflect the seriousness of the offense.

### *Sentences Available*

The Defendant may be sentenced to probation, or to a term of imprisonment up to twenty years. PSR paragraphs (67) and (74).

### *Advisory Guidelines*

The advisory guideline sentence, without departures, is 46-57 months [see PSR, paragraph (68)]. The Sentencing Guidelines, however, provide for downward departures where "there exists...[a] mitigating circumstance...of a kind or to a degree, not adequately taken into consideration by the Sentencing commission in formulating the guidelines that, in order to advance the objectives set forth in 18 U.S.C. §3553(a)(2), should result in a

sentence different from that described". U.S. Sentencing Guidelines §5K2.0 (Policy Statement).

The facts and circumstances of Perez's case warrant a downward departure to a sentence of "time served". The harsh penalties associated with the offense of illegal reentry after conviction of an aggravated felony are further magnified in this case by the addition of three criminal history points to the Defendant's Criminal History Category. Moreover, because the Defendant was not arrested in a district where the Attorney General has authorized an early disposition program, his guideline sentence would create an unwarranted sentencing disparity with those defendants given reduced sentences in districts where early disposition programs exist. See U.S. v. Medrano-Duran, 386 F. Supp. 2d 943, 946-948 (N.D. Ill. 2005); United States v. Ramirez-Ramirez, 365 F. Supp. 2d 728, 731-32 (E.D. Va. 2005).

*Policy Statements Of Sentencing Commission*

The relevant policy statements of the Guidelines are set forth in §4A1.2, note 1 and 5K2.0 (Grounds for Departure).

*Unwarranted Sentencing Disparities*

As noted above, because of the unavailability of a "fast track" program in Massachusetts, the Defendant, if sentenced to a guidelines sentence, would be treated more harshly than defendants convicted in districts where "fast track" programs have been implemented. See United States v. Medrano-Duran, supra; United States v. Ramirez-Ramirez, supra; see also, United States v. Galvez-Barros, 355 F. Supp. 2d 958, 963 (E.D. Wis. 2005) and United States v. Santos, 2005 WL 3434791 *4-7 (S.D.N.Y. December 12, 2005).

*Restitution*

There is no restitution issue in this case.

Conclusion

In consideration of the applicable mandatory sentencing factors – i.e., the nature and circumstances of the offense, history and characteristics of the Defendant, the purposes of sentencing, the advisory guidelines (with appropriate departures) and policy statements – the sentence of "time served" is appropriate in this case. Such a sentence would be "sufficient but not greater than necessary" to fulfill the sentencing goals of reflecting the seriousness of the offense, promoting respect for the law, providing just punishment, affording adequate deterrence, and protecting the public.

    DEFENDANT
    By his attorney

    /s/John F. Palmer
    John F. Palmer
    Law Office of John F. Palmer
    24 School Street, 8th Floor
    Boston, MA 02108
    (617)723-7010
    BBO# 387980

Dated: February 10, 2006

CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered parties on February 10, 2006.

    /s/John F. Palmer